**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BOARD OF TRUSTEES, GRAPHIC COMMUNICATIONS NATIONAL PENSION FUND,<br>    455 Kehoe Blvd., Suite 101<br>    Carol Stream, IL 60188-5203<br><br>BOARD OF TRUSTEES, THE MEMBERS RETIREMENT PLAN,<br>    2075 Foxfield Road, Suite 201<br>    St. Charles, IL 60174<br><br>BOARD OF TRUSTEES, BINDERY INDUSTRY EMPLOYERS' PENSION FUND,<br>    601 Dresher Road, Suite 201<br>    Horsham, PA 19044-2203<br><br>BOARD OF TRUSTEES, LOCAL 241-M SUPPLEMENTAL HEALTH & WELFARE PLAN,<br>    1143 St. Ann Street<br>    Scranton, PA 18504<br><br>BOARD OF TRUSTEES, LOCAL 14-M HEALTH & WELFARE PLAN,<br>    3460 N. Delaware Avenue<br>    Philadelphia, PA 19134<br><br><br>PRINTING, PACKAGING & PRODUCTION WORKERS UNION OF NORTH AMERICA LOCAL 214-M, ,<br>    1143 St. Ann Street<br>    Scranton, PA 18504<br><br>PRINTING, PACKAGING & PRODUCTION WORKERS UNION OF NORTH AMERICALOCAL 6-505-M,<br>    1977 Schuetz Road<br>    St. Louis, Missouri 63146<br><br>PRINTING, PACKAGING & PRODUCTION WORKERS UNION OF NORTH AMERICALOCAL 14-M, | CIVIL ACTION NO. ____-cv-_____<br><br><br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>**for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20002**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

|  |  |
|---|---|
| 3460 N. Delaware Avenue<br>Philadelphia, PA 19134<br><br>Plaintiffs,<br><br> v.<br><br>MARKETING.COM, LLC,<br>  101 Workmen Ct.<br>  Eureka, MO 63025-1079<br><br>KAPPA GRAPHICS, LLC<br>  50 Rock Street<br>  Hughestown, PA 18640<br><br>SMITH, EDWARDS, AND DUNLAP CO.,<br>  2867 East Allegheny Ave.<br>  Philadelphia, PA 19134<br><br>JAL EQUITY CORP.<br>  101 Workmen Ct.<br>  Eureka, MO 63025-1079<br><br>ERAN SALU, in his individual capacity,<br>  2895 Dick Wilson Drive<br>  Sarasota, Florida 34240<br><br><br>Defendants. |  |

## COMPLAINT

Plaintiffs, the separate and individual Boards of Trustees of the Graphic Communications National Pension Fund ("GCNPF"), The Members Retirement Plan ("TMRP"), the Bindery Industry Employers' Pension Fund (the "Bindery Employers Pension Fund"), the Local 14-M Health & Welfare Fund, the Local 241-M Supplement Health and Welfare Fund (collectively referred to as "the Funds"), together with Printing, Packaging & Production Workers Union Local 14-M, Printing, Packaging & Production Workers Union Local 214-M, and Printing, Packaging &

Production Workers Union Local 6-505-M (collectively, the "Unions"), hereby complain as follows:

## Introduction

1.     This is a civil action brought by employee benefit plans/trust funds, and the Trustees of those employee benefit plans/trust funds pursuant to Sections 502(a)(3), (d)(1), (g)(2), and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Funds seek a monetary judgment against Defendants awarding delinquent contributions, accrued interest, liquidated damages, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment and to enforce Defendants' contractual and statutory obligation to provide payroll review records to the Funds, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Documents governing the Funds.

2.     This civil action also includes claims brought by labor organizations against employers with whom they are parties to collective bargaining agreements for amounts due under those collective bargaining agreements under Section 301 of the LMRA, 29 U.S.C. § 185, that are owed to the Union and to bargaining unit employees under the terms of those agreements.

## Jurisdiction and Venue

3.     Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Counts IV and V of the Complaint pursuant to 28 U.S.C. § 1367(a).

3

4.      Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(c), as the Plaintiff Funds TMRP and GCNPF are administered in this district with their principal place of business in Illinois.

5.      Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

## Parties

6.      Plaintiff Board of Trustees, Graphic Communications National Pension Fund ("GCNPF") is the collective name of the trustees of the Graphic Communications National Pension Fund. The GCNPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The GCNPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the GCNPF are duly authorized Trustees whose duty is to administer the NPF for the benefit of the participants and beneficiaries of the GCNPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The Trust, its Trustees, and Plan are individually or jointly referred to as "GCNPF" in this Complaint. The GCNPF is administered at 455 Kehoe Blvd., Suite 101, Carol Stream, IL 60188-5203.

7.     Plaintiff Board of Trustees, The Members Retirement Plan ("TMRP") is the collective name of the trustees of The Members Retirement Plan. TMRP is a trust established under Section 501(c)(18) of the Internal Revenue Code, 26 U.S.C. § 501(c)(18), subject to certain provisions of ERISA, and an employee retirement benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3),  established and maintained for the purpose of providing retirement benefits to eligible employees. The Trustees of TMRP are duly authorized Trustees whose duty is to administer the Plan for the benefit of the participants and beneficiaries of TMRP. The Trustees of TMRP are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(2) and (3) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (3). The Trust, its Trustees, and Plan are individually and jointly referred to as "TMRP" in this Complaint. TMRP is administered at 2075 Foxfield Road, Suite 201, St. Charles, IL 60174.

8.     Plaintiff Board of Trustees, Bindery Industry Pension Fund ("BIPF") is collectively the name of the trustees of the BIPF. BIPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing retirement benefits to eligible employees. BIPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6). The Trustees of BIPF are duly authorized Trustees whose duty is to administer the Plan for the benefit of the participants and beneficiaries of BIPF. The Trustees of BIPF are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The Trust, its Trustees, and Plan are

individually and jointly referred to as "BIPF" in this Complaint. BIPF is administered at 601 Dresher Road, Suite 201, Horsham, PA 19044-2203.

9.     Plaintiff Board of Trustees, Local 14-M Health and Welfare Fund (hereinafter, the "Local 14-M Health Fund") is collectively the name of the trustees of the Local 14-M Health Fund. The Local 14-M Health Fund an employee welfare benefit plan within the meaning of Sections 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing welfare benefits to eligible employees. The Local 14-M Health Fund is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6). The Trustees of the Local 14-M Health Fund are duly authorized Trustees whose duty is to administer the Plan for the benefit of the participants and beneficiaries of the Local 14-M Health Fund. The Trustees of the Local 14-M Health Fund are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The Trust, its Trustees, and Plan are individually and jointly referred to as the "Local 14-M Health Fund" in this Complaint. The Local 14-M Health Fund is administered at 3450 N. Delaware Avenue, Philadelphia, PA 19134.

10.     Plaintiff Board of Trustees, Local 241-M Supplemental Health and Welfare Fund (hereinafter, the "Local 241-M Health Fund") is collectively the name of the trustees of the Local 241-M Health Fund. The Local 241-M Health Fund an employee welfare benefit plan within the meaning of Sections 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing welfare benefits to eligible employees. The Local 241-M Health Fund is,

and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6). The Trustees of the Local 241-M Health Fund are duly authorized Trustees whose duty is to administer the Plan for the benefit of the participants and beneficiaries of the Local 241-M Health Fund. The Trustees of the Local 241-M Health Fund are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The Trust, its Trustees, and Plan are individually and jointly referred to as the "Local 241-M Health Fund" in this Complaint. The Local 241-M Health Fund is administered at 1143 St. Ann Street, Scranton, PA 18504.

11.     Plaintiff Printing Packaging & Production Workers Union Local 241-M of District Council 3 (hereinafter, "Local 241-M") is a labor organization and the exclusive representative, as defined in 29 U.S.C. § 159(a), of a bargaining unit of employees employed by Kappa Graphics, LLC, located in Hughestown, Pennsylvania.  Local 241-M is located at 1143 St. Ann Street, Scranton, PA 18504.

12.     Plaintiff Printing Packaging & Production Workers Union Local 14-M of District Council 3 (hereinafter, "Local 14-M") is a labor organization and the exclusive representative, as defined in 29 U.S.C. § 159(a), of a bargaining unit of employees employed by Smith, Edwards & Dunlop Company at 2867 E. Allegheny Avenue, Philadelphia, Pennsylvania 19134.  Local 14-M is located at 3460 N. Delaware Avenue, Philadelphia, PA 19134.

13.     Plaintiff Printing Packaging & Production Workers Union Local 6-505-M of District Council 4 (hereinafter, "Local 6-505-M") is a labor organization and the exclusive representative, as defined in 29 U.S.C. § 159(a), of a bargaining unit of employees employed by

ColorArt, LLC in Eureka, Missouri. Local 6-505-M is located at 1977 Schuetz Road, St. Louis, Missouri 63146.

14.     The Trustees of the Plaintiff Funds bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

15.     At all times relevant to this action, Defendant Kappa Graphics, LLC ("Kappa Graphics"), has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Kappa Graphics has been incorporated in the state of Delaware with a principal place of business at 50 Rock Street, Hughestown, Pennsylvania 18640-3028.

16.     At all times relevant to this action, Defendant Smith, Edwards & Dunlap Company (hereinafter, "Smith Edwards"), has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Smith Edwards has been incorporated in the Commonwealth of Pennsylvania with a principal place of business at 2867 E. Allegheny Ave, Philadelphia, Pennsylvania 19134.

17.     At all times relevant to this action, Defendant Marketing.com, LLC ("Marketing.com"), has been a single employer with Kappa Graphics, and Smith Edwards, and a third company not party to this suit named ColorArt, LLC. Upon information and belief, at all

times relevant to this action, Marketing.com has been incorporated in the state of Missouri with a principal place of business at 101 Workmen Ct., Eureka, MO 63025-1079.

18.     At all times relevant to this action, Defendant JAL Equity Corporation ("JAL Equity"), is the owner of and has been a single employer with Kappa Graphics, and Smith Edwards, and a third company not party to this suit named ColorArt, LLC. JAL Equity Corporation is a corporation organized under the laws of Nevada and headquartered at 101 Workmen Court, Eureka, Missouri 63025.

19.     Upon information and belief, at all times relevant to this action, Eran Salu has had a role in determining which bills of Kappa Graphics, and Smith Edwards, and a third company not party to this suit named ColorArt, LLC to pay, including monies deducted from employees' paychecks to be remitted to Plaintiff TMRP, and thereby has been a "fiduciary" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Salu is a resident of the state of Florida and resides at 2895 Dick Wilson Drive, Sarasota, Florida 34240.

20.     At all times relevant to this action, non-party ColorArt, LLC ("ColorArt"), has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, ColorArt has been incorporated in the state of North Carolina with a principal place of business at 101 Workmen Ct., Eureka, MO 63025-1079. ColorArt is not a party to this lawsuit because it is a debtor in a pending bankruptcy proceeding filed under Title 11 of the U.S. Code.

**<u>Factual Background</u>**

**Claims By Plaintiff GCNPF**

21.     At all times relevant to this action, non-party ColorArt employed employees represented for the purposes of collective bargaining by the PPPWU Local 6-505-M, a labor organization representing employees in an industry affecting interstate commerce.

22.     At all times relevant to this action, non-party ColorArt was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with Local 6-505-M. Pursuant to the Agreement, ColorArt is obligated to submit monthly remittance reports and fringe benefit contributions to GCNPF, for all hours worked or paid on behalf of ColorArt's covered employees within the jurisdiction of Local 6-505-M.

23.     Pursuant to the Agreement, non-party ColorArt is obligated to abide by the terms and conditions of the GCNPF Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Documents").

24.     At all times relevant to this action, Defendant Kappa Graphics employed employees represented for the purposes of collective bargaining by the PPPWU Local 241-M, a labor organization representing employees in an industry affecting interstate commerce.

25.     At all times relevant to this action, Defendant Kappa Graphics was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe

benefit contributions to GCNPF, for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 241-M.

26.     Pursuant to the Agreement, Defendant Kappa Graphics is obligated to abide by the terms and conditions of the GCNPF Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Documents").

27.     At all times relevant to this action, Defendant Smith Edwards employed employees represented for the purposes of collective bargaining by the PPPWU Local 14-M, a labor organization representing employees in an industry affecting interstate commerce.

28.     At all times relevant to this action, Defendant Smith Edwards was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with Local 14-M. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit contributions to GCNPF, for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 14-M.

29.     Pursuant to the Agreement, Defendant Smith Edwards is obligated to abide by the terms and conditions of the GCNPF Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Documents").

30.     Payments due to the GCNPF are calculated based on remittance reports required to be prepared monthly by the contributing employer. This is a self-reporting system and the GCNPF relies on the honesty and accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

31. Without the information contained in the remittance reports, the GCNPF cannot determine the entire amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

32. The completed remittance reports and accompanying contribution payments must be submitted to the GCNPF no later than the seventh (7th) day after the end of each month during which covered work was performed and are delinquent if received thereafter. After thirty (30) days, amounts owed to the GCNPF are collectable in court and the employer is liable to for legal fees, and court and other costs incurred in collection proceedings.

33. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, because Defendants Kappa Graphics and Smith Edwards and non-party ColorArt failed to timely submit the contractually required remittance reports and contribution payments, in addition to the unpaid contributions, Defendants Kappa Graphics and Smith Edwards are required to pay the following amounts to the GCNPF as a result of this lawsuit:

      a.    Interest on the delinquent contributions at a rate of 8.5% per month, compounded monthly;

      b.    Liquidated damages equal to the greater of fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

      c.    Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

d.    The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

34.    For the period of March 2025 through present, Defendant ColorArt employed employees represented by Local 6-505-M for whom contributions were owed to the Plaintiff GCNPFand failed to timely submit remittance reports and make all the required contributions, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

35.    For the period of March 2025 through present, Defendant Kappa Graphics employed employees represented by Local 241-M for whom contributions were owed to the Plaintiff GCNPF and failed to timely submit remittance reports and make all the required contributions, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

36.    For the period of March 2025 through present, Defendant Smith Edwards employed employees represented by Local 14-M for whom contributions were owed to the Plaintiff GCNPF and failed to timely submit remittance reports and make all the required contributions, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

**Claims of TMRP**

37.    At all times relevant to this action, Defendant Kappa Graphics was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with Local 241-M. Pursuant to the Agreement, Defendant is obligated to deduct amounts from employee wages and remit them along with monthly remittance reports to TMRP for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 241-M.

38.　At all times relevant to this action, Defendant Smith Edwards was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with Local 14-M. Pursuant to the Agreement, Defendant is obligated to deduct amounts from employee wages and remit them along with monthly remittance reports to TMRP for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 14-M.

39.　For the period of March 2025 through present, Defendants Kappa Graphics, Smith Edwards, and their owners JAL Equity, and Salu exercised discretion over plan assets belonging to TMRP by choosing not to remit contributions to the plan after deducting those amounts from employee wages.

40.　 By choosing not to remit plan assets to the TMRP, Defendants Kappa Graphics, Smith Edwards, JAL Equity, and Salu violated their fiduciary duty under Section 404, 406, and 409 ERISA, 29 U.S.C. §§ 1104, 1106, & 1109.

**Claims of the Local 14-M Health & Welfare Fund**

41.　At all times relevant to this action, Defendant Smith Edwards was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with Local 14-M. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit contributions to the Local 14-M Health & Welfare Fund, for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 14-M. Thirty percent (30%) of the benefit premiums owed to Local 14-M Health & Welfare Fund were deducted from employee wages, with the other seventy percent (70%) paid by the Employer.

42.　Pursuant to the Agreement, Defendant Smith Edwards is obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Documents").

14

43. The completed remittance reports and accompanying contribution payments must be submitted to the Funds no later than the tenth (10th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

44. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendant fails to timely submit the contractually required remittance reports and contribution payments, and the Fund files a lawsuit to recover the unpaid contributions, Defendant is required to pay the following amounts to the Fund

e. Interest on the delinquent contributions at a rate of 4% per year, compounded monthly;

f. Liquidated damages equal to the greater of fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

g. Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

h. The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

45. For the period of March 2025 through present, Defendant Smith Edwards employed employees within the jurisdiction of Local 14-M for whom contributions were owed to the Plaintiff Local 14-M H&W Fund and failed to timely submit remittance reports and make all the required contributions, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

**Claims of BIPF**

46.     At all times relevant to this action, Defendant Smith Edwards was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with Local 14-M. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit contributions to BIPF, for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 14-M.

47.     Pursuant to the Agreement, Defendant Smith Edwards is obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Documents").

48.     The completed remittance reports and accompanying contribution payments must be submitted to the Funds no later than the twentieth (20th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

49.     Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendant fails to timely submit the contractually required remittance reports and contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, Defendant is required to pay the following amounts to the Fund

         i.      Interest on the delinquent contributions at a rate of 4% per year, compounded monthly;

         j.      Liquidated damages equal to the greater of fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

k.     Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

l.     The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

50.     For the period of March 2025 through present, Defendant Smith Edwards employed employees within the jurisdiction of BIPF for whom contributions were owed to the Plaintiff BIPF Fund and failed to timely submit remittance reports and make all the required contributions, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

**Claims of Local 241-M Health & Welfare Fund**

51.     At all times relevant to this action, Defendant Kappa Graphics was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with Local 241-M. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit contributions to the Local 241-M Supplemental Health & Welfare Fund, for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 241-M.

52.     The completed remittance reports and accompanying contribution payments must be submitted to the Funds no later than the tenth (10th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

53.     Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendant Kappa Graphics fails to timely submit the contractually required remittance reports and

contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, Defendant is required to pay the following amounts to the Fund

      a. Interest on the delinquent contributions at a rate of 7.5% per year, compounded monthly;

      b. Liquidated damages equal to the greater of fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

      c. Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

      d. The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

54. For the period of March 2025 through present, Defendant Kappa Graphics employed employees within the jurisdiction of Local 241-M for whom contributions were owed to the Plaintiff Local 241-M Supplemental Health & Welfare Fund and failed to timely submit remittance reports and make all the required contributions, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

**Claims of Local 6-505-M**

55. The claims of Plaintiff Local 6-505-M are made solely against Defendants JAL Equity and Salu as single employers and joint employers.

56. At all times relevant to this action, non-party ColorArt was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Local 6-505-M. Pursuant

to the Agreement, ColorArt is obligated to submit union dues deducted from employee pay checks and remit those dues to the Local 6-505-M during the following the month.

57.    The CBA with ColorArt required the employer to pay specified wages to employees and for the payout of vacation pay to employees upon their separation of employment.

58.    For the period of March 2025 through present, non-party ColorArt employed employees within the jurisdiction of Local 6-505-M for whom dues were deducted from employee wages and remit them to Plaintiff Local 6-505-M, and ColorArt failed to remit the dues to the Local Union.

**Claims of Local 241-M**

59.    At all times relevant to this action, Defendant Kappa Graphics was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Local 241-M. Pursuant to the Agreement, Defendant Kappa Graphics is obligated to submit union dues deducted from employee pay checks and remit those dues to the Local 241-M the following the month.

60.    For the period of March 2025 through present, Defendant Kappa Graphics employed employees within the jurisdiction of Local 241-M for whom dues were deducted from employee wages to remit them to Plaintiff 241-M, and Defendant Kappa Graphics failed to remit the dues to the Local Union.

**Claims of Local 14-M**

61.    At all times relevant to this action, Defendant Smith Edwards was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Local 14-M. Pursuant to the Agreement, Defendant is obligated to submit union dues deducted from employee

pay checks and remit those dues to the Local 14-M by the twentieth (20th) day following the month during which dues were deducted from employee paychecks.

62.     For the period of March 2025 through present, Defendant Smith Edwards employed employees within the jurisdiction of Local 14-M for whom dues were deducted from employee wages to remit them to Plaintiff 14-M, and Defendant Smith Edwards failed to remit the dues to the Local Union.

**Facts Related to Single-Employer Status**

63.     Defendants Smith Edwards and Kappa Graphics and non-party ColorArt operate as a single, integrated entity known as Marketing.com.

64.     Defendants Smith Edwards and Kappa Graphics and non-party ColorArt operate under the Marketing.com brand. The managers of these companies have emails ending with the Marketing.com domain.

65.     Marketing.com's website represents ColorArt, Smith Edwards, and Kappa Graphics as operating as a single entity called Marketing.com. For instance, the 120,000 square foot facility where Smith Edwards operates is represented on the Marketing.com website as a Marketing.com location. Likewise, Kappa Graphics' location in Hughestown, Pennsylvania is represented as Marketing.com's Hughesetown location on Marketing.com's website.

66.     ColorArt, Marketing.com, and JAL Equity all operate from 101 Workmen Court, Eureka, Missouri 63025.

67.     Marketing.com, ColorArt, Smith Edwards, and Kappa Graphics each are owned by JAL Equity.

68.     JAL Equity is solely owned and controlled by Defendant Salu.

69.     ColorArt, Smith Edwards, and Kappa Graphics are under common management by Defendants Marketing.com, JAL Equity, and Defendant Salu.

70.     ColorArt, Smith Edwards, and Kappa Graphics' labor relations are commonly controlled. Each company's delinquencies began simultaneously in March 2025 and have remained in lockstep since.

**Facts Related to the Shared Services Agreement**

71.     On or about January 1, 2025, Defendants JAL Equity, Kappa Graphics, and Smith Edwards, along with non-party ColorArt, entered into a Shared Services Agreement under which JAL Equity acquired extensive financial control over Kappa Graphics, Smith Edwards, and ColorArt and their employees.

72.     The SSA gave JAL Equity to power to hire and discharge all employees of the subsidiary companies. JAL Equity also was responsible for paying wages and salaries and employee benefit contributions on behalf of all employees.

73.     Under the SSA, employees of any subsidiary were authortized to perform work on behalf of any other subsidiary owned by JAL Equity.

74.     Under the SSA, Kappa Graphics, Smith Edwards, and ColorArt gave JAL Equity authority to codetermine the conditions of employment of of all employees employed by those companies and act has the employer of the employees on their behalf.

**Count I**
*Delinquent Contributions, Liquidated Damages, Interest and Attorneys' Fees and Costs*

75.     Plaintiffs reallege and incorporate Paragraphs 1 through 74.

76.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

77.     Defendants Kappa Graphics and Smith Edwards are obligated, under the terms of the Agreement, to timely provide remittance reports and contributions to the GCNPF, Local 14-M Health & Welfare Fund, BIPF, and Local 241-M Health & Welfare Fund on behalf of its covered employees. Defendants Kappa Graphics and Smith Edwards have failed and refused to fulfill their contractual obligations for the period of March 2025 to present for contributions, resulting in interest, liquidated damages, and late fees.

78.     Defendants Kappa Graphics and Smith Edwards failed to submit remittance reports for the months of March 2025 to present. The Funds have therefore estimated the amounts due for these months based on the hours reported for prior months.

79.     The total estimated amount owed by Defendant Kappa Graphics, and Smith Edwards for the period of March 2025 to present is $198,234.61, plus additional daily interest accruing through the date of payment.

80.     Plaintiffs are entitled to an order requiring Defendant Kappa Graphics and Smith Edwards to provide the outstanding remittance reports for the period of March 2025 to present. When the reports are provided, if they show that Defendant Kappa Graphics and Smith Edwards would have owed more to the Funds than the estimated amounts, then Plaintiffs are entitled to an entry of judgment for any additional amounts due.

81.     Prior to commencing this lawsuit, the Funds sent letters and attempted to directly contact Defendants to obtain the outstanding contributions and reports from Defendants. Despite communication between the Funds and the Defendants, Defendants have failed to cure the delinquency. There is little prospect that, lacking judicial compulsion, Defendants will satisfy its obligations to the Funds, and pay the delinquent and unpaid contributions, liquidated damages, interest, and late fees due on the delinquent and unpaid contributions.

82.     Defendants Kappa Graphics and Smith Edwards and non-party ColorArt's continued failure to pay the amounts due have caused irreparable harm to the Plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' benefits, and other harm. Defendants' failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

## Count II
### *Breach of Fiduciary Duty*

83.     Plaintiffs reallege and incorporate Paragraphs 1 through 82.

84.     This claim is brought by Plaintiffs TMRP and Local 14-M Health Fund as plan fiduciaries under Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), seeking relief for violations of Section 409 of ERISA, 29 U.S.C. § 1109.

85.     Pursuant to 29 CFR § 2510.3-102(a)(1), employee contributions to an employee pension plan are "plan assets" and as such, the Employer has an obligation to remit the contribution to the Plan "as of the earliest date on which such contribution …. can reasonably be segregated from the employer's general assets." 29 CFR § 2510-.3-102(b)(1) provides this should occur "in no event … later than the 15th business day of the month following the month in which such amounts would otherwise have been payable to the participant in cash (in the case of amounts withheld by an employer from a participant's wages)."

86.     When plan assets are commingled with an employer's general funds, employer officials who have a role in determining which bills of the company should be paid, including tendering of plan assets to the plan, become plan fiduciaries under ERISA and personally liable for the mishandling of plan assets. *See LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997); *Korte v. Sebelius*, 735 F.3d 654, 716 (7th Cir. 2013) ("[t]he employer in administering the plan is treated as a fiduciary …."); *Leimkuehler v. Am. United Life Ins. Co.*, 713 F.3d 905, 913 (7th Cir.

23

2013) (agreeing with *LoPresti*); *Mintjal v. Prof'l Benefit Tr.*, No. 08-cv-5681,, at *8 (N.D. Ill. Aug. 26, 2016) (recognizing the Seventh Circuit's adopting of *Lopresti*).

87.     Since March 2025 to present, Kappa Graphics and Smith Edwards have deducted amounts from employee pay checks that are due and payable to Plaintiffs TMRP and the Local 14-M Health Fund.

88.     Upon information and belief, the decision to retain plan assets and use them for the benefit of the Defendants Marketing.com, Kappa Graphics, and Smith Edwards was made by Defendant Salu through his control over JAL Equity and Marketing.com.

89.     By retaining and exercising control over plan assets, Defendants Marketing.com, Kappa Graphics, Smith Edwards, JAL Equity, and Salu became fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

90.     By allowing plan assets to be retained and used for the benefit of the employers, Defendants Marketing.com, Kappa Graphics, Smith Edwards, JAL Equity, and Salu breached the fiduciary duties imposed on them by Sections 404(a) and 406(a) and (b) of ERISA, 29 U.S.C. §§ 1105(a) & 1106(a).

91.     Defendants therefore are liable under Section 409 of ERISA, 29 U.S.C. § 1109 in the approximate amount of $142,287.96, and such other amounts as are determined over the course of this case.

92.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendants, including reasonable attorneys' fees and court costs.

### Count III
*Breach of Collective Bargaining Agreement*

93.     Plaintiffs reallege and incorporate Paragraphs 1 through 92.

94.     This claim arises under Section 301 of the LMRA, 29 U.S.C. § 185.

95.     The CBAs between ColorArt, Kappa Graphics, and Smith Edwards and PPPWU Local Unions 6-505-M, Local 241-M, and Local 14-M, respectively, required the employer to pay specified wage rates, vacation pay upon separation of employment, and to remit dues deducted from member pay checks to the Local Unions.

96.     From March 2025 to present, Defendants Kappa Graphics and Smith Edwards and non-party ColorArt breached these agreements by failing to pay employees the wages specified in the CBAs to members of the bargaining unit, or to pay vacation pay upon separation of employment, and by failing to remit to the Local Unions the dues the employers deducted from employee pay checks.

97.     Section 301 of the LMRA, 29 U.S.C. § 185, Plaintiffs Local 6-505-M, Local 241-M, and Local 14-M are entitled to damages for the Defendants' breaches of the CBAs, currently in the amount of $38,511.84.

**Count IV**
*Unlawful Conversion under Pennsylvania State Law*

98.     Plaintiffs reallege and incorporate Paragraphs 1 through 97.

99.     Under Pennsylvania State law, the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification constitutes an unlawful conversion.

100.    Since March 2025, Defendants JAL Equity, Kappa Graphics, and Smith Edwards have deducted amounts owed in dues to the Plaintiff Locals 241-M and 14-M in express acknowledgement of the Unions' rights to those funds, but Defendants have exercised unlawful dominion over those funds by failing and refusing to remit those funds to the Plaintiff Local Unions even after express demands to do so.

101.    Defendant JAL Equity and Kappa Graphics, therefore, is liable in the approximate amount of $9,528 for unlawfully converting the property of Plaintiff Local 241-M, and Defendant JAL Equity and Smith Edwards is liable in the approximate amount of $2,305 for unlawfully converting the property of Plaintiff Local 14-M.

**Count V**
*Unlawful Conversion under Missouri State Law*

102.    Plaintiffs reallege and incorporate Paragraphs 1 through 101.

103.    Under Missouri State law, an intentional exercise of dominion or control over property that so seriously interferes with the owner's right of control that the interferer may justly be required to pay the owner the full value of the property constitutes an unlawful conversion.

104.    Since March 2025, non-party ColorArt  and Defendant JAL Equity has deducted amounts owed in dues to the Plaintiff Local 6-505-M in express acknowledgement of the Union's right to those funds, but Defendant JAL Equity has exercised unlawful dominion over those funds by failing and refusing to remit those funds to the Plaintiff Local Union even after express demands to do so.

105.    Defendant JAL Equity, therefore, is liable in the approximate amount of $14,690.19 for unlawfully converting the property of Plaintiff Local 6-505-M.

**Count VI**
*Joint and Several Liability as a Single Employer*

106.    Plaintiffs reallege and incorporate Paragraphs 1 through 105.

107.    Under federal common law, separate companies constitute a single employer for purposes of sharing liability under a collective bargaining agreement if they have: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common

ownership. *Trustees of Pension, Welfare & Vacation Fringe Benefit Funds of IBEW Local 701 v. Favia Elec. Co.*, 995 F.2d 785 (7th Cir. 1993)

108. Defendants Marketing.com, Kappa Graphics, and Smith Edwards and non-party ColorArt have interrelated operations because they operate as a single entitle known at Marketing.com.

109. Defendants Marketing.com, ColorArt, Kappa Graphics, and Smith Edwards and non-party ColorArt have common management because they managed by Marketing.com and its owner JAL Equity.

110. Defendants Marketing.com, Kappa Graphics, and Smith Edwards and non-party ColorArt have common ownership because they all are owned by JAL Equity, which in turn is solely owned by Defendant Salu.

111. Defendants Kappa Graphics, and Smith Edwards and non-party ColorArt's labor relations, including the decision to stop paying benefit contributions and remitting union dues, is centrally controlled by Defendants Marketing.com, JAL Equity, and Salu.

112. Marketing.com and JAL Equity constitute a single employer with ColorArt, Kappa Graphics, and Smith Edwards and therefore are jointly and severally liable for the unpaid contributions, dues, and wages owed to the Plaintiffs.

### Count VII
*Joint and Several Liability Under the Shared Services Agreement*

113. Plaintiffs reallege and incorporate Paragraphs 1 through 112.

114. ERISA broadly defines an employer as "any person acting directly as an employer, or indirectly in the interest of the employer." 29 U.S.C. § 1002(5).

115.    Under the Shared Services Agreement, JAL Equity was obligated to pay employee benefit contributions on behalf of the employees of Smith Edwards, Kappa Graphics, and ColorArt.

116.    JAL Equity is an employer under ERISA of the employees of Smith Edwards, Kappa Graphics, and ColorArt and is jointly and severally liable for the delinquent contributions owed to the Plaintiffs Benefit Funds.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request a judgment against Defendants for all amounts and reports due to the Plaintiff Funds and Local Unions as follows:

1.    Declare that Defendants Kappa Graphics, and Smith Edwards are delinquent in timely remitting owed contributions to the Plaintiff Benefits Funds pursuant to the Agreement;

2.    Enter judgment against Defendants requiring them to provide all outstanding remittance reports to the Plaintiff Benefit Funds;

3.    Award Plaintiffs on behalf of the Benefit Funds, a judgment against Defendants' for estimated delinquent contributions for the period of March 2025 to present in the total amount of $198,234.61;

4.    Enter judgment for the Benefit Funds against Defendants for interest on all unpaid contributions, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $8,644.05;

5.    Enter judgment for GCNPF, BIPF, Local 14-M Health Fund, and Local 241-M Health Fund against Defendants for liquidated damages in an amount equal to the greater of interest on the delinquent contributions calculated at the above rate, or 20% of the delinquent contributions, in the amount of at least $15,318.25;

6.　　　Enter judgment in favor of the Plaintiff Local Unions against Defendants for all unpaid dues in the amount of at least $26,523.19;

7.　　　Enter judgment in favor of the Plaintiff Local Unions against Defendants for all unpaid wages and other compensation owed to employees under the CBA in the amount of at least $18,181.92;

8.　　　Enter judgment for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts as provided by Section 502(g) of ERISA; and

9.　　　Award such other relief as the Court deems just and proper.

Date: November 19, 2025　　　　　　　　Respectfully submitted,

/s/ Wesley Kennedy
Wesley Kennedy
Sam Hensel
Allison, Slutsky & Kennedy, P.C.
Suite 2000
230 West Monroe Street
Chicago, Illinois 60606
Tel: (312) 364-9400
Fax: (312) 364-9410
kennedy@ask-attorneys.com
hensel@ask-attorneys.com


/s/ Brian J. Petruska
Brian J. Petruska*
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20006
Tel: (202) 783-0010
Fax: (202) 783-6088
bpetruska@mooneygreen.com
*Counsel for Plaintiffs*

*Pro hac vice motion pending

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 19th day of November, 2025, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

      U.S. Department of Labor
      Attn: Assistant Solicitor for Plan Benefits Security
      200 Constitution Ave., N.W.
      Washington, DC 20002

      U.S. Department of Treasury
      Attn: Secretary of the Treasury
      1500 Pennsylvania Avenue, NW
      Washington, D.C. 20220

                                /s/ Brian J. Petruska
                                Brian J. Petruska